**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**MICHAEL MACMILLER,**                                                                         **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 2:07CV70-P-A**

**THE KROGER CORPORATION,**                                                **DEFENDANT**

**REPORT AND RECOMMENDATION**

      This case was noticed on November 16, 2007, for a Final Pretrial Conference to be held in the chambers of the undersigned at 1:30 p.m. today. During the course of this case, two separate attorneys have represented the plaintiff and then asked to be relieved as counsel on grounds that the lawyers had fundamental disagreements with plaintiff and relations between them had deteriorated such that the lawyers could no longer render effective representation to the plaintiff. The notice for the Final Pretrial Conference went out before withdrawal of plaintiff's second lawyer. However, counsel for defendant wrote Mr. MacMiller a letter on July 14, 2008, forwarding the defendant's version of the proposed Pretrial Order and reminding plaintiff of his obligation to provide his portion of the proposed order and of the fact that the conference would be held today.

      When the case was called for the Final Pretrial Conference, plaintiff failed to appear. The court attempted to contact plaintiff by telephone at three different numbers drawn from the file in this case, but was unable to reach plaintiff at any of these numbers.

      In light of the plaintiff's failure to appear or to otherwise contact the court to inform the court of any difficulty plaintiff may have attending the conference, the undersigned respectively recommends that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure.

The parties are referred to 28 U.S.C. §636(b)(1)(B) and FED. R. CIV. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

Respectively submitted, this, the 24th day of July, 2008.

    /s/ S. ALLAN ALEXANDER
    UNITED STATES MAGISTRATE JUDGE